

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 18, 1957

State Board of Insurance
Austin, Texas

Opinion No. WW-166.

Re: Certain questions concerning
the Commissioner of Insurance
as provided for in Senate Bill
222.

Gentlemen?

     You have requested the opinion of this office as to
the effect of Senate Bill 222, which is an Act amending the
Texas Insurance Code by creating a State Board of Insurance
and the new official position of Commissioner of Insurance,
which law became effective June 12, 1957. Your request is in
part as follows:

     "Senate Bill 222, as passed by the 55th Leg-
islature of the State of Texas and which will be-
come effective today, June 12, 1957, provides for
a State Board of Insurance and for a Commissioner
of Insurance. Article 1.09 of the Texas Insurance
Code, as amended by Senate Bill 222, requires that
the State Board of Insurance appoint a Commissioner
of Insurance who shall be the chief executive and
administrative officer of the Board, and who shall
be charged with the primary responsibility of ad-
ministering, enforcing, and carrying out the provi-
sions of the Insurance Code. Senate Bill 222 pro-
vides further that the Commissioner shall hold his
position at the pleasure of the Board and may be
discharged at any time.

     "Senate Bill 222 does not appropriate any
funds to pay the salary or compensation for such
Commissioner of Insurance. The Appropriation Bill
passed by the 55th Legislature provides for the
salary of a Commissioner of Insurance, but this Act
does not become effective until September 1, 1957.
The Appropriation Bill now in effect does not have
any appropriation for such Commissioner of Insur-
ance, but does provide a lump sum appropriation for
certain salaries. This appropriation in the pres-
ent Bill has a sufficient balance to pay a Commis-
sioner of Insurance at a monthly rate of $20,000.00
per year for the balance of this biennium.

"From a reading of Senate Bill 222, it is apparent that certain specific duties, responsibilities and authorities are placed upon the Commissioner of Insurance and upon the State Board of Insurance, with a definite line of authority and responsibility drawn between the Commissioner and the Board. In view of all these facts we respectfully ask your opinion on the following questions:

"1. Can the insurance laws of this State be administered by this Board without a Commissioner of Insurance in view of the provisions of Senate Bill 222?

"2. Is this Board authorized to pay a Commissioner of Insurance out of the lump sum appropriation for salaries in the current Appropriation Bill?

"3. May a present employee of this Board be appointed and act as Commissioner of Insurance under the provisions of Senate Bill 222 and draw a salary from one of the appropriated items such as actuary or chief clerk in the present Appropriation Bill?

"4. May the present Board appoint an acting Commissioner of Insurance, so that the new State Board of Insurance that is to be appointed by the Governor may have the right and duty to appoint a Commissioner of Insurance? If your answer is yes, may this acting Commissioner of Insurance receive any compensation or salary for his services from the State of Texas?

"5. If the present Board cannot appoint an acting Commissioner of Insurance and must appoint a Commissioner of Insurance to carry out the functions designated to him under Senate Bill 222, can the new Board to be appointed by the Governor remove him without cause and if not, what will be the term of his office? This question is asked in view of the provisions of Article XVI, Sections 38 and 30, and because Senate Bill 222 requires the Commissioner of Insurance to be confirmed by the Senate of the State of Texas."

The five questions propounded will be discussed and answered seriatim.

1.  Can the insurance laws of this State be administered by this Board without a Commissioner of Insurance in view of the provisions of Senate Bill 222?

Article 1.02(b) of the Texas Insurance Code, as amended by Sec. 2, S.B. 222, provides that:

"All of the powers, functions, authorities, prerogatives, duties, obligations and responsibilities heretofore vested in and devolving upon the Board of Insurance Commissioners as heretofore constituted under prior statutes; the Chairman of said Board; the Life Insurance Commissioner; the Fire Insurance Commissioner, and the Casualty Insurance Commissioner shall hereafter be vested in the State Board of Insurance as a body, and except as provided herein, they shall be exercised, performed, carried out, and administered by the Commissioner of Insurance as the chief executive and administrative officer of the Board in accordance with the pertinent laws of this State and the rules and regulations for uniform application made by the Board and subject to the supervision of the Board.* The duties of the State Board of Insurance shall be primarily in a supervisory capacity and the carrying out and administering the details of the Insurance Code shall be primarily the duty and responsibility of the Commissioner of Insurance acting under the supervision of the Board."

Article 1.04(b) of the Code, as amended, provides:

"The State Board of Insurance shall determine policy, rules, rates and appeals but otherwise it shall execute its duties through the Commissioner of Insurance as herein provided for, in accordance with the laws of this State and the rules and regulations for uniform application as made by the Board."

Article 1.09(a) of the Code, as amended, provides that:

---

\*  Emphases throughout are supplied.

"The Board shall appoint a Commissioner of Insurance by and with the advice and consent of the Senate of Texas who shall be its chief executive and administrative officer, who shall be charged with the primary responsibility of administering, enforcing and carrying out the provisions of the Insurance Code under the supervision of the Board."

Article 1.09(b) provides that the Commissioner of Insurance shall be the State Fire Marshal and shall function as such subject to the rules and regulations of the Board, and Article 1.09(g) provides that the Commissioner of Insurance shall appoint such deputies, assistants, and other personnel as are necessary to carry out the duties and functions devolving upon him and the State Board of Insurance under the Insurance Code of this State, subject to authorization by the Legislature in its appropriation bills or otherwise, and to the rules of the Board.

The wording of the foregoing articles of the Insurance Code, as amended, are clear and unambiguous. They specifically state that the State Board of Insurance shall act only in a supervisory capacity. (See Art. 1.02(b) and Art. 1.09(a)).

The legislative intent is clear that all of the powers, functions, authorities, prerogatives, duties, obligations, and responsibilities which have heretofore been vested in the Board of Insurance Commissioners and the individual Commissioner members thereof, are now vested in the new Board, but such powers, duties, and responsibilities, etc., when so vested, "shall be exercised, performed, carried out, and administered by the Commissioner of Insurance as the chief executive and administrative officer of the Board, subject to the supervision of the Board." The legislative intent is again manifested by the restatement of the functions of the State Board of Insurance and the Commissioner of Insurance contained in the last sentence of Article 1.02(b) and in the first sentence of Article 1.09(a).

The legislative intent is restated in Article 1.04(b) which restricts the functions of the Board to the determination of policy, the making of rules, fixing of rates, and hearing of appeals from rulings and actions of the Commissioner of Insurance as provided in Article 1.04(d). After restricting the primary functions of the Board to those just enumerated, Article 1.04(b) further provides that the Board shall execute its duties through the Commissioner of Insurance.

In summary, S.B. 222 provides that all of the powers, duties, obligations, and responsibilities which have been heretofore vested in and exercised by the State Board of Insurance Commissioners under the authority of Article XVI, Section 38, of the Constitution of Texas and subsequent legislative acts, are now vested in the State Board of Insurance, but with the exception of the powers of determining policy, making rules, fixing rates and hearing appeals, the Legislature has specifically delegated to the Commissioner of Insurance the primary power and authority to exercise, perform, carry out, and administer such powers and duties which were formerly exercised and performed by the Board of Insurance Commissioners, acting as a whole, or by the individual Commissioner members thereof.

The answer to your Question No. 1 is "No".

2. Is the Board authorized to pay a Commissioner of Insurance out of the lump sum appropriation for salaries in the current Appropriation Bill?

Your request states that the Appropriation Bill now in effect does not have any appropriation for payment of a salary of a Commissioner of Insurance, although such appropriation is provided for in the Appropriation Bill which becomes effective Sepatember 1, 1957. You advise that the present Appropriation Bill does provide a lump sum appropriation for certain salaries, and that this fund has a sufficient balance to pay the salary of a Commissioner of Insurance at the rate of $20,000.00 per year if it can be used for this purpose.

We are advised that the lump sum appropriation referred to in your request is Item No. 67 in the present Appropriation Bill (Acts 54th Leg., 1955, Ch. 519, Art. III, p. 1465). This item appropriates from the Insurance Examiners Fund (No. 54) $75,000.00 for the payment of salaries, wages, traveling expenses, and all supplemental expenses connected with the examination of insurance companies in Texas. This is a special fund created out of the moneys received from various insurers to reimburse the Board of Insurance Commissioners for the salaries and traveling expenses incurred by the Board's examiners in the performance of their required duties in the examination of the affairs of such insurers. (Art. 1.16, Texas Insurance Code).

The Legislature, in appropriating from this fund the sum of $75,000.00 for each year of the biennium, did so for the purpose of paying the salaries, wages, traveling expenses and all supplementary expenses connected with the examination of the

insurance companies in Texas and for no other purpose; and such fund, or any part thereof, may not be used for the payment of any other items than those specifically named therein. It was the intention of the Legislature that the sum so appropriated should be paid only to employees connected with the examination of such insurers and not to State officers. (Art. 1.16, Texas Insurance Code).

Manifestly, the payment of the salary of a Commissioner of Insurance was not contemplated by the Legislature when it enacted the Appropriation Bill presently in effect since, at that time, there was no office of Commissioner of Insurance authorized by law. Article 1.09(e) provides that the compensation to be paid the Commissioner of Insurance shall be such sum as is provided for by the appropriation acts, and there is no provision for the payment of the salary of a Commissioner of Insurance contained in the Appropriation Bill now in effect. We do not pass upon the legality of any future appropriation by any future Legislature for the payment for services rendered by a Commissioner of Insurance from the date of his appointment up to August 31, 1957.

The answer to your second question is "No."

3. May a present employee of this Board be appointed and act as Commissioner of Insurance under the provisions of Senate Bill 222 and draw a salary from one of the appropriated items such as actuary or chief clerk in the present Appropriation Bill?

Article 1.09(a) provides that the Board shall appoint a Commissioner of Insurance by and with the advice and consent of the Senate of Texas. Inasmuch as the appointment of the Commissioner of Insurance by the Board specifically requires confirmation by the Senate, and in view of the many responsibilities and duties placed on him by S.B. 222, the office of Commissioner of Insurance is one of honor and trust, although it is not an office of profit or emolument at this time since no funds have been appropriated by the Legislature from which his salary can be paid. While the position of a chief clerk or actuary presently employed by the Board who receives his salary under the present Appropriation Bill is not that of a public officer, nevertheless it is a position of emolument or profit.

Article XVI, Section 33, of the Constitution of Texas provides in part as follows:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury

in favor of any person for salaries or compen-
sation as agent, officer, or appointee who holds
at the same time any other office or position of
honor, trust, or profit, under this State. . . ."

The opinions of various Attorneys General have con-
sistently held that where a person is appointed to an office
of honor or trust, with or without emolument or profit, who,
at the same time, holds a position of emolument or profit un-
der the State government, such person cannot receive pay for
either office or position. See Opinion No. 0-1101 by Hon.
Gerald C. Mann to Hon. Geo. H. Sheppard, State Comptroller, ap-
proved July 31, 1939, and Opinion No. 0-5123 by Hon. Gerald C.
Mann to Hon. Geo. H. Sheppard, State Comptroller, approved March
17, 1943.

The answer to your third question is "No."

4. May the present Board appoint an acting Commis-
sioner of Insurance, so that the new State Board of Insurance
that is to be appointed by the Governor may have the right and
duty to appoint a Commissioner of Insurance? If your answer is
yes, may this acting Commissioner of Insurance receive any com-
pensation or salary for his services from the State of Texas?

5. If the present Board cannot appoint an acting Com-
missioner of Insurance and must appoint a Commissioner of Insur-
ance to carry out the functions designated to him under Senate
Bill 222, can the new Board to be appointed by the Governor re-
move him without cause and if not, what will be the term of his
office? This question is asked in view of the provisions of
Article XVI, Sections 38 and 30, and because Senate Bill 222 re-
quires the Commissioner of Insurance to be confirmed by the Sen-
ate of the State of Texas.

Article 1.03(a) provides that the members of the State
Board of Insurance Commissioners in office immediately prior to
the effective date of S.B. 222, shall serve as interim members
of the State Board of Insurance until the appointment and quali-
fication of the members of the Board under the provisions of
Articles 1.02 and 1.03. Since the Legislature has specifically
designated that all the powers, functions, duties and responsi-
bilities of the present Board have been vested in the new Board
by the provisions of Article 1.02(b), the interim Board has the
authority to appoint a Commissioner of Insurance.

Article 1.09(a) of the Code, as amended, provides that
the Board shall appoint a Commissioner of Insurance by and with

the advice and consent of the Senate of Texas, who shall hold his position at the pleasure of the Board and may be discharged at any time. As stated above, the Commissioner of Insurance functions as the State Fire Marshal, and his compensation shall be such as is provided for by the Appropriation Acts. The powers, authority, and duties of the Commissioner of Insurance have been discussed above in answer to Question No. 1, and he is authorized and empowered to appoint all deputies, assistants, and other personnel necessary to carry on the duties and functions devolved upon him and the State Board under the Insurance Code, subject to the authorization by the Legislature in its appropriation bills, and to the rules and supervision of the Board. (Art. 1.09(g).

Since the Legislature has delegated to the Commissioner of Insurance the right to exercise, with certain exceptions, all of the powers and duties vested in the Board of Insurance under the provisions of Article XVI, Section 38, Constitution of Texas, above enumerated, and since his appointment by the Board is subject to confirmation by the Senate of Texas, he is a public officer of the State of Texas within the meaning of Article XV, Section 7, of the Constitution of Texas, and must therefore take the oath of office and give bond as required by Article 1.09(d) of the Code, as amended, before entering upon the duties of his office.

The interim Board has the power to appoint a Commissioner of Insurance but there is no statutory or constitutional authority or provision which would permit the interim Board to appoint an acting Commissioner of Insurance. However, since the Board is given the power to appoint a Commissioner of Insurance who shall hold his position at the pleasure of the Board, and in view of the provisions of Article XVI, Section 30, Constitution of Texas, which is discussed infra, the Board may appoint a Commissioner of Insurance for any period of time not to exceed two years from the date of the appointment. Stated differently, the interim Board may appoint a Commissioner of Insurance for the period of time which will elapse from the date of his appointment and the appointment and qualification of a Commissioner of Insurance to be appointed by the new State Board of Insurance when the members thereof are appointed and qualified under the provisions of Articles 1.02 and 1.03 of the Code, as amended. However, the Commissioner of Insurance so appointed by the interim Board cannot receive any compensation or salary at this time for his services from the State of Texas during his incumbency up to September 1, 1957, if his tenure of office should be for that period.

The Commissioner, if appointed by the interim Board, must satisfy all of the requirements for eligibility and quali- fication enumerated in Articles 1.06 and 1.09(c) of the Code, as amended, and before entering upon the duties of his office the appointee must take the oath of office and give the bond required by law. After having so qualified, the Commissioner could immediately assume and execute all the powers, duties, functions and responsibilities which devolve upon the Commis- sioner of Insurance under the law, during the term of his tenure in such office for the period for which he was so appointed.

Article XVI, Section 30, of the Constitution of Texas provides that "The duration of all offices not fixed by this Con- stitution shall never exceed two years: . . ." The Commissioner of Insurance is a public officer of the State of Texas. Knox v. Johnson, 141 S.W.2d 698, 700, 701 (Civ.App. 1940, error ref.), and since his term of office is not fixed by the Constitution, the appointee, being subject to confirmation by the Senate of Texas, may not hold such appointment for a period exceeding two years from the date thereof, at which time he may again be ap- pointed and the new appointment be subject to confirmation by the Senate.

Although Article 1.09(a) of the Code, as amended, pro- vides that the Commissioner of Insurance, after appointment, "shall hold his position at the pleasure of the Board and may be discharged at any time," nevertheless, since he is a State offi- cer, his removal or discharge from such office may only be ef- fected in the manner provided by the Constitution and laws of Texas.

Article XV , Section 7, of the Constitution of Texas is as follows:

"The Legislature shall provide by law for the trial and removal from office of all officers of this State, the modes for which have not been pro- vided in this Constitution."

The Constitution of Texas has not provided for the trial or re- moval from office of the Commissioner of Insurance appointed by the Board of Insurance as provided by S.B. 222. However, Arti- cle 5961, R.C.S., provides that all State officers other than those specifically named therein, shall be removed from office or position by impeachment in the manner provided by the Consti- tution and in Title 100, Revised Civil Statutes of Texas.

There are no statutory provisions specifically providing for the removal from office of the Commissioner of Insurance other than the proviso in Article 1.09(a) of the Code, as amended, that he shall hold his position at the pleasure of the State Board of Insurance and may be discharged at any time. This provision, however, is in direct conflict with the provisions of Article XV, Section 7 of the Constitution which provides for a "trial" of all State officers such as the Commissioner of Insurance, and therefore the constitutional provision must prevail over the provision contained in S.B. 222. Dorenfield v. State, 123 Tex. 467, 73 S.W.2d 83 (1934); Knox v. Johnson, supra.

Should the interim Board appoint a Commissioner of Insurance to hold office for the period from the date of his appointment until the date of the appointment and qualification of the new State Board of Insurance and the appointment by the Board of his successor, he may not be removed from the office during the term of his appointment except by the process of impeachment.

Answering Questions 4 and 5, you are advised that the interim State Board of Insurance cannot appoint an acting Commissioner of Insurance to hold office until his successor is appointed by the new State Board of Insurance. However, the interim Board may appoint a Commissioner of Insurance to hold office until his successor is appointed by the new State Board of Insurance upon the appointment and qualification of the members thereof, and the appointment by the new Board of his successor in office. Such Commissioner cannot receive at this time any salary or pay for his services rendered during his tenure in office up to September 1, 1957. When a Commissioner of Insurance is appointed by the new State Board of Insurance his term of office will expire at the end of two years from the date of his appointment if such appointment has been confirmed by the Senate of Texas. A Commissioner of Insurance, when appointed, can only be removed from office by impeachment proceedings as provided by Article 5961, R.C.S., in the manner provided in the Constitution of Texas and Title 100, Revised Civil Statutes, 1925.

## SUMMARY

Under the provisions of Senate Bill 222, 55th Legislature, the State Board of Insurance has the primary responsibility and duty to determine policy, rules, rates, and appeals, but all other powers,

functions, duties, and responsibilities must be exercised, performed, carried out and administered by the Commissioner of Insurance. The Commissioner of Insurance may not be paid for his services out of Item No. 67 of the present Appropriation Bill, which is an appropriation for the payment of salaries, wages, travel expense of employees, and all supplemental expenses connected with the examination of insurance companies in Texas, and there is no appropriation available for the payment of a salary to the Commissioner of Insurance under the present Appropriation Bill. If a present employee of the State Board of Insurance is appointed to act as Commissioner of Insurance, he cannot draw a salary from any of the appropriated items in the present Appropriation Bill.

The interim State Board of Insurance cannot appoint an acting Commissioner of Insurance. The interim Board can appoint a Commissioner of Insurance and limit his term until the time when a Commissioner of Insurance is appointed by the new State Board of Insurance to be appointed as provided in Articles 1.02 and 1.03 of the Insurance Code, as amended, but such Commissioner of Insurance may not receive any compensation or salary at this time for his services from the State of Texas from the date of his appointment until September 1, 1957. The Commissioner of Insurance is a State officer whose term of office will expire at the end of two years from the date of his appointment if such appointment is confirmed by the Senate of Texas, and he can only be removed by impeachment as provided by Article 5961, R.C.S., in the manner provided by the Constitution of Texas and the provisions of Article 100, R.C.S.

Very truly yours,

WILL WILSON
Attorney General of Texas

By
C. K. Richards
Assistant

CKR:wb

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman
John Reeves
Houghton Brownlee
James Ludlum

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Geo. P. Blackburn